## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

**EDGEFIELD HOLDINGS, LLC, a Delaware limited liability company**,

Plaintiff,

v.

**ASPEN INVESTMENTS, LLC, a Colorado limited liability company, ALPINE BANK, a Colorado banking corporation, PITKIN COUNTY PUBLIC TRUSTEE, SCOTT LUPOW, an individual, ANITA LUPOW, an individual, DAVID ROSS LUPOW, an individual, JUSTIN MICHAEL LUPOW, an individual, and RACHEL L. LUPOW HANSON, an individual,**

Defendants**.**

---

## COMPLAINT

---

COMES NOW the Plaintiff, EDGEFIELD HOLDINGS, LLC, a Delaware limited liability company, and for its Complaint states as follows:

### PARTIES

1. The Plaintiff, Edgefield Holdings, LLC ("Edgefield"), is a Delaware limited liability company with a principal office address of 221 16th Street NW, Unit 2, Atlanta, GA 30363, and whose members are citizens of the State of Georgia.

2. There are two entities related to the Lupow Defendants that have been named Aspen Investments, LLC. The first is a New Jersey limited liability company that was formed in 2009 and dissolved in 2016.

3. The second Aspen Investments, LLC, is a Colorado limited liability company that was formed in 2018 and has a principal office address of 725 E. Durant Avenue, Aspen, CO 81611.

1

Upon information and belief, the two Aspen Investments, LLC were used as the same entity, merged into each other and should be treated as the same entity for all intents and purposes. Aspen Investments, LLC is a citizen of the State of Colorado.

4. Defendant Scott Lupow is domiciled in and a citizen of the State of Colorado with a primary residence address of 757 E. Durant Avenue, Unit 7, Aspen, CO 81611.

5. Defendant Anita Lupow is domiciled in and a citizen of the State of Colorado with a primary residence address of 757 E. Durant Avenue, Unit 7, Aspen, CO 81611.

6. Upon information and belief, Defendant David Ross Lupow is domiciled in and a citizen of the State of Colorado with a primary residence address of 801 Depew Street, Lakewood, CO 80214.

7. Upon information and belief, Defendant Justin Michael Lupow is domiciled in and a citizen of the State of Florida with a primary residence address of 611 Lavers Circle, Apt 391, Delray Beach, FL 33444.

8. Upon information and belief, Defendant Rachel L. Lupow Hanson is domiciled in and a citizen of the State of Colorado with a primary residence address of 350 Lohrs Court, Snowmass Village, CO 81615.

9. Scott Lupow, Anita Lupow, and their children, David Ross Lupow, Justin Michael Lupow and Rachel Lupow Hanson are herein after collectively referred to as the "Lupow Defendants."

10. Alpine Bank is a Colorado banking corporation with its principal place of business at 2200 Grand Avenue, Glenwood Springs, CO 81602, claims an interest in certain real property at issue in this matter, and is a citizen of the State of Colorado.

11. Pitkin County Public Trustee is a Colorado public trustee with its principal place of business at 530 E. Main Street, Ste 201, Aspen, CO 81611, may claim an interest in certain real property at issue in this matter, and is a citizen of the State of Colorado.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over these claims in accordance with 28 U.S.C. §§ 1332(a) and 1332(c). The Plaintiff and Defendants are residents of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

13. This Court may exercise personal jurisdiction over these Defendants as the Lupow Defendants, individually, are all members of Aspen Investments, LLC, which is a closely held Colorado limited liability company, whose sole asset is Colorado real property located in Aspen, Colorado, and all Defendants reside in, have their principal places of business or residence in, and/or spend significant amounts of time in Colorado.

## GENERAL ALLEGATIONS

14. This case arises from a monetary judgment that was entered against Defendants Scott and Anita Lupow, among others, in the Superior Court for the State of New Jersey, Camden County, in January of 2011 (the "New Jersey Judgment").

15. The New Jersey Judgment was entered in favor of Susquehanna Bank in the amount of $910,514.53, plus attorney fees and costs in the amount of $12,133.42.

16. After entry of the New Jersey Judgment, Susquehanna Bank continued liquidating certain properties that served as collateral for the loans underlying the New Jersey Judgment, and collected rents from some of the commercial properties. After applying the amounts received, there remains due and owing the sum of approximately $650,000.00.

17. After entry of the New Jersey Judgment, Susquehanna Bank was acquired by Truist Bank, who later sold the New Jersey Judgment to the Plaintiff, Edgefield Holdings, LLC pursuant to an Assignment of Judgment and Loan Documents dated December 10, 2019.

18. Edgefield Holdings remains the holder of the New Jersey Judgment, and domesticated the New Jersey Judgment to the Pitkin County District Court in the State of Colorado on January 12, 2021 (the "Domesticated Judgment"). Edgefield Holdings has diligently been attempting to collect the Domesticated Judgment since that time, through writs of garnishment, charging orders and post-judgment discovery efforts.

19. Defendants Scott and Anita Lupow have actively resisted, and taken steps to avoid, such collection efforts.

20. In July 2024, Edgefield's counsel conducted in-person post-judgment oral examinations of Defendants Scott and Anita Lupow via a Rule 69 Hearing in the Pitkin County District Court (the "Post-Judgment Exam"), and the Lupows produced many personal, business and financial records at that time.

21. At the Post-Judgment Exam, Scott and Anita Lupow testified that they each hold one-half percent membership interests in Defendant Aspen Investments, LLC, a closely held, family-owned limited liability company. The other members of Aspen Investments, LLC are Defendants Justin Lupow, David Lupow, and Rachel Lupow Hanson.

22. Scott Lupow testified that he was, at one time, a manager of Aspen Investments, LLC, "probably around 2009 and I don't know when it was changed."

23. Scott Lupow testified that each of his children (Justin, David and Rachel) currently owns 33 percent of the membership interests in Aspen Investments, LLC, and that he and Anita

each own half of a percent. He further testified that the membership percentages had always been the same.

24. However, contrary to that sworn testimony, at the Post-Judgment Exam, the Lupows produced a series of Assignments dated in November 2009 and on January 10, 2010, whereby Scott and Anita each transferred and assigned nearly all of their membership interests in Aspen Investments, LLC to each of their three children – David, Justin and Rachel – and evidently reserving a one-half percent interest for themselves. Thus, prior to the Assignments, Scott and Anita Lupow were the sole members of Aspen Investments, LLC.

25. At the time of the Assignments of their membership interests in Aspen Investments, LLC to their children, Scott and Anita Lupow were in default on their loan guarantee obligations to Susquehanna Bank, which resulted in the New Jersey Judgment being entered against them just one year later.

26. Aspen Investments, LLC, owns a luxury condominium in Aspen, Colorado, which serves as the primary residence of Scott and Anita Lupow, located at 725 East Durant, #7, Aspen, Colorado (the "Aspen Condo").

27. At the same time that Scott and Anita Lupow assigned virtually all of the membership interests in Aspen Investments, LLC out of their names and into their children's names in 2010, Scott and Anita were the owners of the Aspen Condo, and executed a Special Warranty Deed dated January 21, 2010, transferring ownership of the Aspen Condo to Aspen Investments, LLC.

28. Also on January 21, 2010, Scott and Anita Lupow entered into a Residential Lease dated January 21, 2010, whereby their son, Justin, signed as Manager of Aspen Investments, LLC,

5

identified as "Landlord," and Scott and Anita signed as "Tenants," for an indefinite tenancy for Scott and Anita to continue living in the Aspen Condo.

29. Scott and Anita do not pay any rent to the "Landlord" under the Lease to Aspen Investments, LLC. Rather, Scott Lupow testified that they "pay all the expenses associated with the property" as the rent.

30. At the Post-Judgment Exam, Scott and Anita Lupow also produced bank records, which reveal that they regularly borrow money to pay for their personal living expenses through lines of credit held by Aspen Investments, LLC and Team Lupow, LLC, another entity owned and controlled by the Lupows.

31. Scott Lupow has previously prepared and signed a Personal Financial Statement, in 2021, on behalf of his other entity, Team Lupow, LLC, listing the Aspen Condo as owned by him with a value of $3,100,000.00.

32. To fund their extravagant lifestyle and living expenses, the Lupows have used and directed Aspen Investments, LLC to obtain a $1.5MM line of credit from Alpine Bank, which is secured by the Aspen Condo.

33. Alpine Bank has a Deed of Trust on the Aspen Condo securing the Alpine Bank line of credit, which identifies the Pitkin County Public Trustee as the Trustee thereunder.

34. Although Aspen Investments is the borrower, and Scott Lupow is not the manager and holds only a one-half interest percent membership interest in the LLC, Scott Lupow testified that he is "the one that borrows the money on behalf of the LLC."

35. The Aspen Condo appears to be the sole asset owned by Aspen Investments, LLC, and is worth several million dollars.

6

36.     At the time that they were in default on their loan obligations underlying the New Jersey Judgment, Scott and Anita Lupow created Aspen Investments, LLC in order to divest themselves of their personal assets to avoid creditors.

37.     The Lupows devised a scheme to avoid their creditors, transfer their most valuable asset (the Aspen Condo) into an LLC they formed, owned and managed, and then transferred nearly all of the membership interests to their children (Defendants David, Justin and Rachel), while still using the LLC to obtain and live off of credit provided by Alpine Bank and secured by the Aspen Condo.

38.     Scott and Anita Lupow transferred the Aspen Condo to Aspen Investments, and then transferred their membership interests in Aspen Investments to their children, in order to hinder, defraud or delay the enforcement of the Susquehanna bank loan and guarantees against them.

39.     Through the scheme that Scott and Anita Lupow set up with their children, Scott and Anita Lupow have remained the true beneficial owners of the Aspen Condo and have used the equity in the Aspen Condo to fund their living expenses while shielding the asset from creditors, including Edgefield.

40.     The transfer of the Aspen Condo and membership interests in Aspen Investments to their children could not reasonably have been discovered prior to the Post-Judgment Exam, as there is no public record of the transfer of the membership interests in Aspen Investments.

41.     Scott and Anita Lupow have actively attempted to evade collection of the Judgment.

42. Scott and Anita Lupow are alter egos of Aspen Investments, LLC, and have thoroughly disregarded the corporate formalities of Aspen Investments by directing the LLC to borrower money, pledge the Aspen Condo as collateral, and borrow money under the name of the LLC to pay for their individual living expenses.

43. Any temporal limitations, statutory or otherwise, on Plaintiff's ability to bring the causes of action set forth in this Complaint, are subject to equitable tolling as a result of, among other things, the discovery rule and the doctrine of fraudulent concealment.

**FIRST CLAIM FOR RELIEF**
**(Action to Avoid Fraudulent and Voidable Transfers – Defendants Scott Lupow, Anita Lupow, David Lupow, Justin Lupow, Rachel Lupow Hanson and Aspen Investments, LLC)**

44. Plaintiff incorporates the allegations of paragraphs 1 through 43 as though fully restated herein.

45. The transfers of the Aspen Condo by Scott and Anita Lupow to Aspen Investments, and the LLC membership interests by Scott and Anita Lupow to their children, were fraudulent and voidable transfers under the Colorado Uniform Fraudulent Transfer Act, C.R.S. § 38-8-101 et. seq.

46. Scott and Anita Lupow caused the transfers of assets during the course of their operation of a fraudulent scheme to avoid their creditor at the time, Susquehanna Bank, with whom they were in default on their loan obligations.

47. The transfers of the Aspen Condo and the LLC membership interests were done with the intent to hinder, delay and/or defraud their creditors, and are fraudulent and/or voidable.

8

48. Upon information and belief, Scott and Anita Lupow were insolvent or became insolvent shortly after and/or as a result of the transfers of the Aspen Condo and LLC membership interests and were unable to pay their debts as they became due.

49. Defendants Scott Lupow, Anita Lupow, David Lupow, Justin Lupow, Rachel Lupow Hansen, and Aspen Investments, LLC, all participated in the fraudulent transactions at issue as they received the benefit of the transfers.

50. Defendant Aspen Investments, LLC, received the benefit and value of the Aspen Condo without providing any reasonably equivalent value in exchange for the transfer of the Aspen Condo.

51. Defendants David Lupow, Justin Lupow and Rachel Lupow Hanson received membership interests in the LLC, which substantially increased in value as a result of the transfer of the Aspen Condo into the LLC, without providing any reasonably equivalent value in exchange for the transfers.

52. Scott and Anita Lupow benefited by shielding their valuable asset, the Aspen Condo, from collection, while continuing to live in the asset rent-free, and to borrow money and pledge collateral under the name of the LLC in order to fund their lifestyle and personal living expenses.

53. Defendants did not engage in the fraudulent transactions in good faith, and did not provide Scott or Anita Lupow with any reasonably equivalent value in exchange for the transfer of the Aspen Condo into the LLC or the LLC membership interests transferred to the Lupow children.

54. Plaintiff Edgefield, as assignee of Susquehanna's New Jersey Judgment, is entitled to a judgment avoiding the fraudulent transfers in order to levy and execute on Scott and Anita Lupows' interests in the Aspen Condo and/or the LLC to satisfy the remaining amounts due on the Judgment.

55. Additionally, pursuant to C.R.S. § 38-8-108(1)(c), Plaintiff Edgefield, as assignee of Susquehanna's New Jersey Judgment, is entitled to a judgment for damages against Scott and Anita Lupow in the amount of one hundred fifty percent (150%) of the value of the asset transferred or for one hundred fifty percent (150%) of the amount necessary to satisfy the judgment, whichever is less, together with Edgefield's actual costs.

## SECOND CLAIM FOR RELIEF
**(Unjust Enrichment – Defendants Scott Lupow, Anita Lupow, David Lupow, Justin Lupow, Rachel Lupow Hanson, and Aspen Investments, LLC)**

56. Plaintiff incorporates the allegations of paragraphs 1 through 55 above as though fully restated herein.

57. Susquehanna Bank conferred a benefit on Defendants Scott and Anita Lupow by loaning their entities money, in partial reliance on the personal guarantees pledged by Scott and Anita Lupow.

58. Defendants Scott and Anita Lupow accepted the benefits of the Susquehanna loan under circumstances that would make it unjust and inequitable for them to have received the benefits of that loan, while later transferring their assets to avoid paying the Judgment that was entered against them as a result of their breaches of their personal guarantees on the loan.

59. Because it would be inequitable to allow Scott and Anita Lupow to retain the benefits of the Susquehanna loan, and to transfer their personal assets into the name of Aspen

Investments, LLC to avoid repaying that loan, Plaintiff Edgefield is entitled to a judgment imposing an equitable lien and/or constructive trust on the Aspen Condo and LLC membership interests that were transferred to avoid collection, and/or recovery of such assets into the names of Scott and Anita Lupow for levy and execution by Edgefield.

60. Additionally, the Lupows' children, David Lupow, Justin Lupow and Rachel Lupow Hanson, all received a substantial benefit by receiving LLC membership interests and thereby receiving ownership interests in the Aspen Condo.

61. The Lupows' children did not pay any consideration or value for their ownership interests in the LLC or the Aspen Condo and therefore the transfers resulted in windfalls for David Ross Lupow, Justin Michael Lupow and Rachel Lupow Hanson.

62. The LLC membership interest transfers were made at the expense of Susquehanna because the transfers allowed Scott and Anita Lupow to avoid repaying the loan made by Susquehanna and to avoid legitimate efforts to collect the judgment through execution on the Aspen Condo.

63. Aspen Investments, LLC received a substantial benefit through the transfer by Scott and Anita Lupow of the Aspen Condo into Aspen Investments, LLC. Aspen Investments, LLC did not pay any consideration or value for its ownership interest in the Aspen Condo, and therefore the transfer resulted in a windfall for Aspen Investments, LLC.

64. The transfer of the Aspen Condo was made at the expense of Susquehanna because the transfer allowed Scott and Anita Lupow to avoid repaying the loan made by Susquehanna and to avoid legitimate efforts to collect the judgment through execution on the Aspen Condo.

65. Because it would be inequitable to allow the Lupows' children to retain the benefits of the LLC membership interest transfers at the expense of Susquehanna, or Aspen Investments, LLC to retain the benefits of ownership of the Aspen Condo, Plaintiff Edgefield is entitled to a judgment imposing an equitable lien and/or constructive trust on the Aspen Condo and LLC membership interests that were transferred to avoid collection, and/or recovery of such assets into the names of Scott and Anita Lupow for levy and execution by Edgefield.

### THIRD CLAIM FOR RELIEF
### (Equitable Lien/Constructive Trust)

66. Plaintiff incorporates the allegations of paragraphs 1 through 65 above as though fully restated herein.

67. In the alternative or in connection with the other claims in this Complaint, this is a claim to impose an equitable lien or constructive trust over the assets of Aspen Investments, LLC.

68. Plaintiff has no other remedy available at law to satisfy the Judgment against the Lupows.

69. An equitable lien or constructive trust should be imposed on the assets of Aspen Investments, LLC for the purpose of satisfying the Judgment against Scott and Anita Lupow.

70. In equity and good conscience, for the reasons identified in this Complaint, the membership interests in Aspen Investments, LLC, and the Aspen Condo, are and should be considered the property of Scott and Anita Lupow and made available for satisfaction of their debts and obligations.

71. Plaintiff is entitled to a judgment imposing an equitable lien and/or constructive trust on the membership interests in Aspen Investments, LLC that were transferred to the Lupow children, and on the Aspen Condo, for purposes of collecting on the Domesticated Judgment.

72. The equitable lien and/or constructive trust placed on the Aspen Condo should pre-date and take priority over any liens on the Aspen Condo held by Defendant Alpine Bank.

## FOURTH CLAIM FOR RELIEF
### (Veil Piercing/Alter Ego)

73. Plaintiff incorporates the allegations of paragraphs 1 through 72 above as though fully restated herein.

74. By living in the sole, valuable asset of the LLC to their personal benefit and without paying the LLC a reasonably equivalent value for rent, and directing the LLC to borrow money and pledge its sole asset to secure such debt for their personal living expenses, Scott and Anita Lupow have disregarded the corporate formalities of Aspen Investments, LLC.

75. Despite each having a one-half percentage interest in the LLC, Scott and Anita Lupow have dominion and control over the LLC and its sole asset to borrow money for their personal living expenses.

76. Scott and Anita Lupow use the Aspen Condo and the LLC as their personal piggy banks, in complete disregard of corporate formalities.

77. Scott and Anita Lupow have used Aspen Investments, LLC for the improper purpose of shielding their assets from creditors.

78. Scott and Anita Lupow have exercised such dominion and control over Aspen Investments, LLC that its separate identity is non-existent, and it is merely the alter ego of Scott and Anita Lupow.

79. Scott and Anita Lupow have used Aspen Investments, LLC to maintain and utilize the benefits of their personal assets, the Aspen Condo and LLC membership interests, while attempting to shield those assets from their creditors.

80. Aspen Investments, LLC has been used by the Lupows to accomplish and perpetuate wrongful acts including but not limited to improperly hindering and delaying creditors and using and diminishing the equity in the Aspen Condo to obtain business lines of credit to pay personal expenses.

81. Plaintiff has been harmed by Scott and Anita transferring their assets to avoid creditors, while continuing to reap the benefits of such assets.

82. Disregarding and piercing the corporate shield of Aspen Investments, LLC, and allowing Plaintiff to levy and execute on the transferred LLC membership interests and the Aspen Condo would achieve an equitable result.

83. Plaintiff seeks a judgment determining that Scott and Anita Lupow and Aspen Investments, LLC are alter egos of each other, determining that Scott and Anita Lupow used Aspen Investments, LLC for the improper purpose of shielding their assets from creditors while retaining the benefit of such assets, and piercing the corporate veil of Aspen Investments, LLC to allow Plaintiff to levy and execute on such assets to satisfy the Judgment.

**FIFTH CLAIM FOR RELIEF**
**(Declaratory Judgment – 28 U.S.C. § 2201)**

84. Plaintiff incorporates the allegations of paragraphs 1 through 83 above as though fully restated herein.

85. There is a bona fide, actual, present and practical need for a declaratory judgment because the evidence demonstrates that Defendants Scott and Anita Lupow have an equitable ownership interest in the Aspen Condo such that the Condo should be available to Plaintiff for levy and execution on the Judgment.

86. As described herein, Scott and Anita Lupow exercise dominion and control over Aspen Investments, LLC and direct it to borrow money and pledge its asset as collateral. Such debt is then used to fund their personal lifestyle and living expenses.

87. Scott and Anita Lupow have a close familial relationship with all other members of Aspen Investments, LLC, to whom they transferred their membership interests in the LLC without reasonably equivalent value.

88. This request for declaratory judgment deals with a present, ascertained or ascertainable state of facts or a present controversy as to the facts described herein.

89. Plaintiff's ability to satisfy the Judgment and make itself whole is dependent upon a determination of ownership of the Aspen Condo and Aspen Investments, LLC.

90. The relief sought herein is not the mere giving of legal advice by the Court or the answer to questions propounded from curiosity. As described above, an actual controversy exists regarding the ownership of Aspen Investments, LLC and the Aspen Condo, and whether that entity and its asset actually belong to Scott and Anita Lupow such that they should be available to Plaintiff for satisfaction of the Judgment.

91. Plaintiff seeks a declaratory judgment declaring that Scott and Anita Lupow are the true equitable owners of Aspen Investments, LLC and the Aspen Condo, and that such assets shall be available to Plaintiff for satisfaction of the Judgment.

## SIXTH CLAIM FOR RELIEF
### (Quiet Title – 28 USC § 2201 and C.R.C.P. 105)

92. Plaintiff incorporates the allegations of paragraphs 1 through 91 above as though fully restated herein.

93. Pursuant to Colorado Rule of Civil Procedure 105, "[a]n action may be brought for the purpose of obtaining a complete adjudication of the rights of all parties thereto, with respect to any real property . . ." In such action, the Court "shall grant full and adequate relief so as to completely determine the controversy and enforce the rights of the parties."

94. Currently, the Aspen Condo is titled in the name of the LLC.

95. Despite legal title being in the name of the LLC, Scott and Anita Lupow are the true beneficial and equitable owners of Aspen Investments, LLC and the Aspen Condo.

96. The transfers of the Aspen Condo and the LLC membership interests described herein are either void or voidable.

97. Because the Aspen Condo rightfully belongs to Scott and Anita Lupow, it should be available to Plaintiff Edgefield for security and satisfaction of the Judgment.

98. Plaintiff Edgefield should be entitled to a record a judgment lien on the Aspen Condo for security and execution of the Judgment.

99. Accordingly, Plaintiff Edgefield is entitled to an Order declaring that Aspen Investments, LLC and the Aspen Condo actually belong to and are owned by Scott and Anita Lupow such that they should be available to Edgefield for satisfaction of the Judgment.

100. Plaintiff requests an Order and Declaration quieting title to the Aspen Condo in the names of Scott and Anita Lupow, subject to a judgment lien for the outstanding Domesticated Judgment held by Plaintiff Edgefield.

Respectfully submitted this 6th day of February, 2025.

BROWN DUNNING WALKER FEIN DRUSCH PC

s/ David C. Walker
David C. Walker, Reg. No. 36551
Scott W. Drusch, Reg. No. 42494
7995 E. Prentice Ave, Ste 101E
Greenwood Village, CO 80111
Telephone: (303) 329-3363
Email: dwalker@bdwfd.com
Email: sdrusch@bdwfd.com
*Attorneys for Plaintiff Edgefield Holdings, LLC*

17