IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:25-cv-00397-CNS-STV

EDGEFIELD HOLDINGS, LLC, a Delaware limited liability company,

    Plaintiff,

v.

ASPEN INVESTMENTS, LLC, a Colorado limited liability company,
ALPINE BANK, a Colorado banking corporation,
PITKIN COUNTY PUBLIC TRUSTEE,
SCOTT LUPOW,
ANITA LUPOW,
DAVID ROSS LUPOW,
JUSTIN MICHAEL LUPOW, and
RACHEL L. LUPOW HANSON,

    Defendants.

## ORDER

Before the Court is Defendants' Verified Motion to Dismiss the Complaint. ECF No. 30. For the following reasons, the Court DENIES Defendants' motion.

### I. FACTUAL BACKGROUND[1]

This case arises from a dispute over payment owed from a monetary judgment entered against Defendants Scott and Anita Lupow.[2] In January 2011, the Superior Court of the State of New Jersey, Camden County entered a judgment against Scott and Anita in favor of Susquehanna Bank totaling $922,647.95 (the New Jersey Judgment). ECF No.

---

[1] The factual background section is constructed solely based on facts alleged in the complaint. The Court accepts the allegations in the complaint as true.
[2] Because Scott and Anita Lupow's children are also named defendants, any references to only Scott and Anita Lupow will be written by their first names "Scott and Anita."

1

1 ¶¶ 14–15. Between May 2010 and April 2013, Susquehanna Bank liquidated multiple properties owned by Scott and Anita. *Id.* ¶ 16; ECF No. 30 ¶ 7. While the parties have minor disputes about exactly how much Susquehanna Bank has collected since the New Jersey Judgment, the parties agree that Susquehanna Bank received between $430,000 and $500,000 through liquidation. ECF No. 1 ¶ 16; ECF No. 30 ¶ 8. Plaintiff alleges that it was owed approximately $650,000. ECF No. 1 ¶ 16. Subsequent to the New Jersey Judgment, Susquehanna Bank was acquired by Truist Bank, who then sold the New Jersey Judgment to Plaintiff Edgefield Holdings, LLC on December 10, 2019. *Id.* ¶ 17. In January 2021, Plaintiff then domesticated the New Jersey Judgment in Colorado. *Id.* ¶ 18.

Since at least 2009, Defendants Scott and Anita have resided at 725 East Durant, Unit 7, Aspen, Colorado 81611 (Aspen Condo). *Id.* ¶ 26. Plaintiff alleges that the Aspen Condo is worth several million dollars. *Id.* ¶ 35. Until January 2010, the Aspen Condo was owned by Scott and Anita. *Id.* ¶ 27. Scott and Anita also wholly owned Aspen Investments, LLC. *Id.* ¶ 24. Between November 2009 and January 2010, while being in default on their loan from Susquehanna Bank, Scott and Anita transferred ownership to their three children, Defendants David Lupow, Justin Lupow, and Rachel Lupow Hanson, assigning each of them a 33% stake in the company, with Scott and Anita each retaining 0.5% ownership. *Id.* ¶¶ 24–25. On January 21, 2010, Scott and Anita transferred ownership of the Aspen Condo from their personal ownership to Aspen Investments, LLC, and listed their son Justin as the Manager of the company. *Id.* ¶ 28. On the same day, Scott and Anita entered into a residential lease with Aspen Investments, LLC as tenants of the Aspen Condo, in which they hold an indefinite tenancy and do not pay rent. *Id.* ¶¶ 28–29.

They continue to reside at the Aspen Condo to this day. *Id.* ¶ 26. The Aspen Condo appears to be the sole asset owned by Aspen Investments, LLC. *Id.* ¶ 35.

In July 2024, Plaintiff exercised its right under Colorado Rule of Civil Procedure 69 allowing a creditor to investigate assets of the debtor. Under Rule 69, Plaintiff conducted in-person examinations of Scott and Anita before the Pitkin County District Court. ECF No. 1 ¶ 20. During those proceedings, Plaintiff learned about Scott and Anita's ownership transfer to Aspen Investments, LLC to their children. *Id.* ¶ 24. In contrast to Aspen Investment's stated ownership, Plaintiff also learned that Scott had represented continued ownership of the Aspen Condo to outside parties. More specifically, he prepared Personal Financial Statements claiming personal ownership of the Aspen Condo and directed Aspen Investments, LLC to obtain a line of credit secured by the Aspen Condo for his and Anita's benefit. *Id.* ¶ 30–32. In their complaint, Plaintiff intimates that this was the first time that it learned that Scott and Anita effectively owned the Aspen Condo and that it could be an asset subject to the New Jersey Judgment. *Id.* ¶ 36. It also references that this was the first time that Plaintiff learned that Scott and Anita transferred ownership of the Aspen Condo to their children to allegedly avoid creditors. *Id.*

Defendants also allege that Scott and Anita's debt should have been satisfied by August 2013. ECF No. 30 ¶ 26. Defendants allege that the properties taken by Susquehanna Bank were commercial buildings with paying tenants, that Susquehanna Bank held ownership of these properties until April and June 2013, respectively, and that Susquehanna Bank would have collected rents from tenants between 2010 and 2013, which would have been enough to fulfill Defendants' outstanding amount owed. *Id.* ¶¶ 18, 25, 26. Plaintiff counters by offering an accounting of the rents collected by Susquehanna

3

Bank, and allege that the amount collected falls far short of fulfilling Scott and Anita's obligations. ECF No. 36 at 9.

Defendants filed their motion on May 6, 2025, ECF No. 30, and Plaintiff responded on June 10, 2025. ECF No. 36. On July 9, 2025, Defendants filed their reply. ECF No. 48. On July 10, 2025, the Court struck Defendants' reply, explaining that Defendants failed to comply with the Court's practice guidelines and far exceeded page limitations. ECF No. 49. The Court offered Defendants an opportunity to rectify the issues with its filing. *Id.* On July 11, 2025, Defendants filed an amended reply that again did not accord with the Court's guidelines. ECF No. 51. On July 14, 2025, the Court struck the Defendant's amended reply with no leave to refile, noting that Defendant continued to flout the Court's practice standards. ECF No. 52. As such, the Court did not consider either of Defendants' reply briefs.

## II.  LEGAL STANDARDS

### A.  Federal Rule of Civil Procedure 12(b)(6)

Under Rule 12(b)(6), the dispositive inquiry is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court must take all the factual allegations in the complaint as true and "view these allegations in the light most favorable" to the nonmoving party. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010). On a Rule 12(b)(6) motion,

a court's function is "not to weigh potential evidence that the parties might present at trial, but to assess whether the [] complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003). The same standard applies to allegations in a counterclaim: the Court must accept the well-pleaded factual allegations as true. *See Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1153 (D. Colo. 2020).

### III. ANALYSIS

#### A. Additional Factual Issues of Material Fact

Both Plaintiff and Defendants allege additional facts in their motion to dismiss briefings regarding whether Plaintiff has been fully credited for rental income possibly earned when Plaintiff took ownership of Defendants' commercial properties. The Court is not taking a position at this time regarding earned rental income, as this is a question of material fact, not one of the complaint's legal sufficiency.

At the motion to dismiss stage, courts cannot generally consider evidence outside the four corners of the complaint. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). The sufficiency of the complaint must rest on the contents of pleadings alone. *Id.* Were this Court to consider additional facts, it would be obligated to convert Defendant's motion to dismiss into a motion for summary judgment under Rule 56. Fed. R. Civ. P 12(d); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). The Court is not taking this step, and therefore is not considering the persuasiveness of the additional facts presented. No facts alleged by either party outside the complaint influence this Court's decision-making about "whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs*, 336 F.3d at 1201.

5

Plaintiff correctly notes that Defendants' argument regarding fulfillment of the New Jersey Judgment via rental income is better considered under Federal Rule of Civil Procedure 60(b)(5). ECF No. 36 at 15. Rule 60(b)(5) states that via motion, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" when "the judgment has been satisfied, released, or discharged." Defendants' contention that they are no longer under obligation to fulfill the New Jersey judgment are welcomed under an appropriately-filed motion, but are currently out of place when challenging the legal sufficiency of Plaintiff's complaint. Thus, the Court takes no position on the factual assertions made by both parties regarding the amount owed on the New Jersey Judgment.

### B. Statute of Limitations

Defendants contend that Plaintiff's claims are barred by the statute of limitations, and thus do not meet the plausibility standard under Rule 12(b)(6). ECF No. 30 at 16. The parties agree that for statute of limitation purposes, the statute at issue is C.R.S. § 38-8-110(1)(a), which states that:

> (1) A cause of action with respect to a fraudulent transfer or obligation under this article is extinguished unless action is brought:
>
> (a) Under section 38-8-105 (1)(a), within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant[.]

Where the parties disagree is when Plaintiff "could reasonably have discovered" the transfer of ownership of Aspen Investments, LLC from Scott and Anita to their children. Defendants argue that Plaintiff could have discovered that Aspen Investments, LLC was owned by Scott and Anita's children at any time since 2010, as those records had not changed and were documented in the company's federal tax returns. ECF No. 30 at 17.

6

Plaintiff claims that they only learned of the ownership transfer and that the Aspen Condo was possibly subject to the New Jersey Judgment at the July 2024 hearings. ECF No. 36 at 17. Arguing that the cause of action should accrue when the alleged concealment "is discovered or should have been discovered by the exercise of reasonable diligence," C.R.S. § 13-80-108(2), Defendants claim that Plaintiff's lack of due diligence prior to July 2024 about what assets Defendants own bars them from proceeding on their claim for liquidation.

While Defendants can raise the affirmative defense that Plaintiff's claims are barred due to the statute of limitation on a motion to dismiss, the Court can only rule in Defendants' favor "when the dates given *in the complaint* make clear that the right sued upon has been extinguished." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir.1980) (emphasis added). Further, an argument by Defendants through a motion to dismiss may be considered "only when the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements." *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018).

Defendants' arguments in support of time-barring Plaintiff's complaint rely on far more factual evidence and judicial interpretation than that provided in the complaint. The date at which the statute of limitations begins running is a genuine question of material fact and requires a great deal more fact-finding. Most saliently, this question of material fact is one that goes beyond the bounds of what the Court is deciding on these motions, which is whether Plaintiff's complaint has facial plausibility to state a claim. At this current stage, it is not known what discovery may bring, nor is it the Court's concern to speculate

what discovery may bring. *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1219 (10th Cir. 2022).

Furthermore, the date at which Scott and Anita transferred Aspen Investments, LLC to their children does not automatically begin the clock on when Plaintiff "could reasonably have [] discovered" the transfer. C.R.S. § 38-8-110(1)(a). Determining whether Plaintiff should have known about the transfer requires a fact-finding endeavor about the actions and expectations that Plaintiff took or should have taken, all of which goes beyond deciding whether the complaint requests a "relief [that] plausibly follow from the facts alleged." *Jud. Watch, Inc. v. Griswold*, 554 F. Supp. 3d 1091, 1098 (D. Colo. 2021). At this time, Plaintiff's contentions that the statute of limitations have not expired are plausibly stated in the complaint. Plaintiff plausibly alleges that it did not know about the Aspen Condo's ownership, that it may be under the control of Scott and Anita, and that it could be subject to liquidation per the New Jersey Judgment. Because Defendants did not meet the high bar of showing that the Complaint's dates make clear that the statute of limitations has expired, the Court must take Plaintiff's well-pleaded facts as true at this stage, and deny Defendant's challenge to dismiss the complaint as barred by the statute of limitations.

### C. Laches

Defendants' arguments that Plaintiff cannot proceed on its complaint under the doctrine of laches fall victim to similar reasoning. To find that a claim is barred on grounds of laches, Defendant must demonstrate that "there has been an unreasonable delay in asserting the claim and that the defendant was materially prejudiced by that delay." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 949 (10th Cir. 2002). Determining whether

a case is barred by laches requires a determination of "the facts and circumstances in each case." *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997). Affirmative defenses dismissing a plaintiff's complaint can only be accepted "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Fratus v. DeLand*, 49 F.3d 673, 674–75 (10th Cir. 1995) (internal quotations omitted).

Given that the Court must review Plaintiff's facts and reasonable inferences in the light most favorable to it, Defendants' assertion that Plaintiff was unreasonably delayed in seeking liquidation of the Aspen Condo is not "obvious on its face" nor does it require no further factual record to be developed. *Id.* Like with the statute of limitations, more facts must be gathered and presented before the Court can decide whether Plaintiff's delay was both unreasonable and that Defendant was materially prejudiced.

Even though the Court is not taking a position on laches at this time, it does note Plaintiff's citation to the state statute (N.J.S.A. 2A:14-5) dictating that creditors can collect on any judgment for up to 20 years after the judgment was imposed. ECF No. 36 at 19. Given that Plaintiff files its complaint only 15 years after the New Jersey Judgment was imposed, Defendants have come nowhere near demonstrating that the complaint as written violates the doctrine of laches.

### D. Unjust Enrichment

Defendants incorrectly assert that Plaintiff cannot proceed on its unjust enrichment claim. Defendants claim that a party cannot recover for unjust enrichment "where there is an express contract addressing the subject of the alleged obligation to pay." *Pulte Home Corp., Inc. v. Countryside Cmty. Ass'n, Inc.*, 382 P.3d 821, 833 (Colo. 2016). This does not apply to Plaintiff's complaint. The dispute at issue is the New Jersey Judgment, not a

9

contract between Susquehanna Bank and Scott and Anita. Defendants misunderstand the difference between a judicially-imposed judgment and a privately-entered contract. Defendants' other challenge to unjust enrichment, that Plaintiff exceeds the statute of limitations, falls victim to the reasoning already articulated. Thus, Plaintiff's claim for unjust enrichment survives Defendants' motion to dismiss.

### E. Quiet Title

In addition to their statute of limitations and laches arguments, Defendants contend that Plaintiff does not have a claim for quiet title because it does not have an ownership interest in the property, and instead only holds a desire to execute against the property. ECF No. 30 at 24. However, Plaintiff correctly notes that a claim for quiet title can be pleaded in conjunction with its claims to enforce the New Jersey Judgment. *See Indep. Bank v. Pandy*, 383 P.3d 64, 68 (Colo. App. 2015) (holding that a bank's foreclosure and quiet title of a property "would merely constitute an attempt to collect on its previously established and properly domesticated judgment."). Based on the complaint, which this Court rules is well-pleaded, Plaintiff sufficiently establishes that it would have claim to the Aspen Condo in order to fulfill the New Jersey Judgment. While Defendants are correct that Plaintiff holds the ultimate "burden of establishing title superior to that claim by the defendant," *Hinojos v. Lohmann*, 182 P.3d 692, 697 (Colo. App. 2008), the Court does not need to determine at this time whether Plaintiff meets that burden. All that is necessary is determining whether Plaintiff has pleaded enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. At this time, Plaintiff has met its burden.

## IV. CONCLUSION

Consistent with the above analysis, Defendants' motion to dismiss, ECF No. 30, is DENIED.

DATED this 13th day of August 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge